FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARIN FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON; THE WASHINGTON STATE PATROL; and JOHN BATISTE, in his official capacity only,<br><br>    Defendants. | NO. 1:20-CV-03048-SAB<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND** |

Before the Court are Defendants' Motion to Dismiss, ECF No. 3, and Plaintiff's Cross-Motion to Amend Complaint, ECF No. 8. The motions were considered without oral argument. Having reviewed the parties' briefing and the relevant caselaw, the Court grants in part and denies in part Defendants' Motion to Dismiss, and denies Plaintiff's Cross-Motion for Leave to Amend.

## FACTS

This case arises under the Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. § 4311(a)-(b), et. seq (USERRA), and the Civil Rights Act, 42 U.S.C. § 1983. ECF No. 8-1.

Darin Foster is an honorably discharged veteran of the U.S. Air Force and a current member of the Washington State Patrol. ECF No. 8-1 at 1:1, 7:24. During the course of his employment, Plaintiff requested that Defendants apply veteran

**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND ^ 1**

1  preference points to the Patrol's promotional examination process pursuant to state
2  law. ECF No. 8-1 at 4:6. Plaintiff alleges that Defendants did not initially award
3  him the veteran points to which he was entitled. ECF No. 8-1 at 5:10. When
4  Defendants eventually awarded Plaintiff veteran preference points, Plaintiff argues
5  they were attributed to the wrong date. Plaintiff believes this resulted in delayed
6  promotion and income loss.
7       Plaintiff initially brought suit under USERRA and § 1983 in Yakima County
8  Superior Court. In particular, Plaintiff alleged that Defendants violated his Fifth
9  Amendment right to property by depriving him of the proper application of his
10 veteran promotional points on the date that they should have been applied. Plaintiff
11 also argues that Defendants' conduct was not objectively reasonable and that
12 Defendants acted arbitrarily by applying the veteran preference points to the wrong
13 date. Defendants removed the action to this Court on April 15, 2020. ECF No. 1.
14      In his initial Complaint, Plaintiff listed as Defendants the State of
15 Washington, the Washington State Patrol, and Chief John Batiste in his official
16 capacity only. Defendants subsequently moved for an order dismissing Plaintiff's
17 § 1983 claims in their entirety, arguing that Defendants are not "persons" within
18 the meaning of the statute. In response and on a Cross-Motion to Amend, Plaintiff
19 conceded the named Defendants were not "persons" amenable to suit under §
20 1983. Plaintiff's response memorandum claims that the proposed Amended
21 Complaint names Chief Batiste in his individual capacity only. However,
22 Plaintiff's proposed caption names each original Defendant as a party to the suit
23 and continues to list Defendant Batiste as an official capacity defendant.
24 Defendants submitted a reply memorandum in support of their motion to dismiss.

25                            **RULE 12 (b)(6) STANDARD**

26      On a motion to dismiss, all well-pleaded allegations of material fact are
27 taken as true and construed in a light most favorable to the non-moving party.
28 *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.

**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND ^ 2**

1998). Under Federal Rule of Civil Procedure 12(b)(6), a complaint "should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535-36 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levit v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id*. at 679.

## DEFENDANTS' MOTION TO DISMISS

The first inquiry is whether states and state agency defendants are susceptible to suit under 42 U.S.C. § 1983. The Eleventh Amendment bars actions for equitable relief in a federal court by (1) a citizen against a state; and (2) a citizen against a state official acting in his official capacity. *Edelmann v. Jordan*, 415 U.S. 651, 677-78 (1974); *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Likewise, § 1983 does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of their civil liberties. 42 U.S.C. § 1983; see *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989). Plaintiff concedes this point. ECF No. 8 at 1. Thus, dismissal of the claims against Defendants State of Washington and the Washington State Patrol is proper.

**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND ^ 3**

However, neither the Eleventh Amendment nor § 1983 bar claims against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *see also Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1125 (9th Cir. 2007). To succeed in bringing a personal capacity claim against a state employee under § 1983, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 675.

On its face, the caption of the Complaint raises claims against Defendant Batiste only in his official capacity. As discussed above, the Eleventh Amendment precludes such claims. However, the body of the Complaint alleges facts that suggests personal capacity claims. Thus, the question is whether the Complaint adequately pleads a claim that Defendant Batiste in his personal capacity (1) violated Plaintiff's Fifth Amendment right to property; and (2) further engaged in conduct that was not objectively reasonable.

Plaintiff alleges that Defendant Batiste violated his Fifth Amendment right to property by depriving him of the proper application of his veteran promotional points on the date that they should have been applied. Plaintiff's assertion that Batiste personally maintained a role in denying, delaying, or curtailing the amount of employees' available veteran points is an adequate factual hook from which this Court can infer possible liability. Therefore, dismissal of the claim against Defendant Batiste in his personal capacity only—as referenced in the body of Plaintiff's original Complaint—is improper.

## PLAINTIFF'S CROSS-MOTION TO AMEND COMPLAINT

The Court next considers Plaintiff's Cross-Motion to Amend Complaint, ECF No. 8. Although Plaintiff has not formally moved to amend, the Court construes Plaintiff's response to the Motion to Dismiss as a Cross-Motion to Amend his complaint. Ultimately, the Court must decide whether Plaintiff's motion will succeed on procedural grounds. Local Rule 7(i)(2)(A) requires the

**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND ^ 4**

hearing for a non-dispositive motion to occur at least 30 days after the motion's filing. Plaintiff's proposed Amended Complaint was noted without hearing on June 18, 2020. Plaintiff executed the document on May 31. ECF No. 8-1 at 12. Although Local Civil Rule 7(c)(2)(B) permits represented parties 14 days to respond to a non-dispositive motion, Plaintiff's error shortens Defendants' response time to a seven-day window. *See* ECF No. 7. This seven-day window expired on June 8, seven days after Plaintiff filed his Motion to Amend. *See* ECF No. 7; ECF No. 8.

Although Rule 15 liberally allows parties leave to amend, Plaintiff's motion must still be absent any evidence of bad faith, undue delay, or undue prejudice to Defendants. A shortened response time unduly prejudices Defendants as they were denied an opportunity to present facts or evidence which would have been offered had Plaintiff's motion complied with Local Rule 7(i)(2)(A). Thus, Plaintiff's cross-motion to amend is denied as untimely. Additionally, it is unclear how the proposed amendment modified the claims from Plaintiff's original Complaint.

Accordingly**, IT IS HEREBY ORDERED:**

1. The Defendants' Rule 12(b)(6) Motion to Dismiss, ECF No. 3, is **GRANTED IN PART** and **DENIED IN PART**.
2. Plaintiff's 42 U.S.C. § 1983 claims against the State of Washington, the Washington State Patrol, and Chief John Batiste in his official capacity are **DISMISSED WITH PREJUDICE.**

//
//
//
//
//
//

**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND ^ 5**

3. Plaintiff's Cross-Motion to Amend their Complaint, ECF No. 8, is **DENIED with leave to renew**. Any subsequent motions to amend must comply with local and federal rules of procedure.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 16th day of July 2020.



                              Stanley A. Bastian
                              United States District Judge

**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND ^ 6**