FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARIN FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON; THE WASHINGTON STATE PATROL; and JOHN BATISTE, in his official capacity only,<br><br>    Defendants. | No. 1:20-CV-03048-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 20. The motion was considered without oral argument. Plaintiff is represented by Josephine Townsend and Defendants are represented by Carl Warring. Having reviewed the briefing and the applicable caselaw, the Court denies the motion.

## Background

Unless otherwise noted, the following facts are drawn from Plaintiff's First Amended Complaint, ECF No. 17, and Defendants' Statement of Material Facts, ECF No. 21.

Plaintiff is an employee of the Washington State Patrol ("WSP"). In order to be promoted at the WSP, an employee must take a 100-point promotional exam.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 1

Under Washington state law, if the employee taking the exam is a veteran, the state agency must add a certain percentage of points on top of the employee's earned points on their first promotional exam.

Plaintiff is also a veteran of the U.S. Air Force Reserves (the "Reserves"). He served on active duty with the Reserves in March 2004 and took his first promotional exam at the WSP in 2007—thus, Plaintiff states that, under Washington law, the WSP was obligated to apply his veteran points to his 2007 promotional exam. However, Plaintiff states that WSP initially refused to apply his veteran points. Plaintiff states that only after repeated requests did the WSP finally agree to apply his veteran points. But, rather than applying the points to his 2007 promotional exam, Plaintiff states that the WSP applied them to his 2011 promotional exam to Sergeant. Plaintiff alleges that he tried to advise the WSP of the incorrect date, but to no avail. Plaintiff also alleges that, had the WSP correctly applied his veteran points to his 2007 promotional exam, Plaintiff would have been promoted to Sergeant much earlier than 2011.

On January 9, 2015, Plaintiff and other similarly situated WSP troopers brought a class action against, *inter alia*, Defendants State of Washington, the WSP, and John Batiste in his individual capacity as the Chief of the WSP in Spokane County Superior Court regarding the WSP's failure to properly apply veteran's points—Plaintiff was one of the class representatives. The class action complaint asserted claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4311(a)–(b) and 42 U.S.C. § 1983 for unconstitutional deprivation of a property interest. In the class action complaint, Plaintiff asserted that the WSP refused to back-date the application of his veteran's points any further than the 2011 adjustment.

On May 5, 2017, the parties in the class action entered into a Settlement Agreement. The Spokane County Superior Court preliminarily approved the settlement on June 9, 2017, and then entered an Order and Judgment of Final

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 2

1  Approval on September 29, 2017. The Settlement Agreement stated that the
2  settlement would "dismiss and release Defendants from any and all claims arising
3  out of the facts asserted in the Second Amended Complaint relating to Defendants'
4  failure to provide Veterans Preference that accrued prior to December 21, 2016,
5  *except as to any excluded from this Settlement Agreement*." ECF No. 22-2 at 42–43
6  (emphasis added). The Settlement Agreement then provided a section called
7  Claims Excluded from Release, which stated that the settlement did not release any
8  claims from Plaintiffs, Defendants, Class Counsel, or any member of the Class
9  related to enforcing the terms of the Settlement Agreement. *Id.* at 43.
10       Plaintiff filed his Complaint in Yakima County Superior Court on March 25,
11  2020. ECF No. 1-2. Defendants removed the action to federal court on April 15,
12  2020. ECF No. 1. On April 29, 2020, Defendants filed a Motion to Dismiss. ECF
13  No. 3. On July 16, 2020, the Court issued an Order granting Defendants' Motion to
14  Dismiss in part. ECF No. 10. Specifically, the Court dismissed Plaintiff's § 1983
15  claims against the State of Washington, the Washington State Patrol, and John
16  Batiste in his official capacity as barred by the Eleventh Amendment.
17       On April 2, 2021, the parties filed a stipulation, requesting the Court to grant
18  Plaintiff leave to file an Amended Complaint, which the Court accepted. ECF Nos.
19  15, 16. Plaintiff filed his First Amended Complaint on April 17, 2021. ECF No. 17.
20  Like in the previous class action, Plaintiff once again asserted claims under
21  USERRA, 38 U.S.C. §§ 4311(a)–(b), and 42 U.S.C. § 1983 for unconstitutional
22  deprivation of a property interest against the State of Washington, WSP, and John
23  Batiste in his individual capacity. However, Plaintiff described the previous class
24  action settlement as such:
25
26       In [the class action] settlement[,] Troopers such as Darin Foster
         could make two choices; to receive a cash settlement or have the
27       veteran points applied to either their entrance or promotional exam.
         Because Darin Foster had already been given approval (prior to the
28

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 3

> lawsuit) that the WSP was going to back date his promotion in accordance with the statute, and apply his veteran points in accordance with the statute, he chose the payout portion of the settlement.
>
> The only issue being litigated in this case is that the WSP attributed the veteran points to the wrong date. The WSP, outside of the class action Spokane litigation, agreed to apply the veteran points to Darin Foster, prior to the settlement being reached and in fact applied them, but applied them to the wrong exam date.

ECF No. 17 at 5-6.

Defendants filed their Motion for Summary Judgment on July 2, 2021. ECF No. 20. The motion was originally set for hearing without oral argument on August 23, 2021, but was reset to October 1, 2021 by the parties' request. ECF No. 29. Trial in this case is scheduled for June 27, 2022. ECF No. 34.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 4

to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

## Discussion

Defendants argue that the Court should dismiss Plaintiff's claims because they are barred by claim preclusion. Specifically, Defendants state that Plaintiff had the opportunity to fully litigate his claims regarding the misapplication of his veteran's preference points in the 2015 Spokane County class action, which resolved in a Settlement Agreement. Defendants state that, as part of that Settlement Agreement, Plaintiff agreed to dismiss his claims against Defendants and release any claims arising out of the complained-of events. Thus, Defendants argue that—because the current lawsuit involves (1) the same claims as the ones resolved in the 2015 Spokane County class action; (2) the 2015 Spokane County class action ended in a final judgment on the merits, specifically a dismissal with prejudice as part of the Settlement Agreement; and (3) both lawsuits involve the same parties—the Court should grant summary judgment in favor of Defendants.

Plaintiff in response argues that claim preclusion does not apply. Specifically, Plaintiff states that he is not disputing whether the WSP improperly denied him these points, which was at issue in the class action. In fact, Plaintiff asserts that WSP already agreed to award him his veteran's points back in 2013. Instead, Plaintiff states that he is merely trying to compel the WSP to apply his veteran's points to the correct date—that is, apply them to his first promotional

1  exam in 2007. Thus, because Plaintiff argues that he is just trying to correct the
2  date of his veteran's points, the Court should deny Defendants' motion for
3  summary judgment.
4      Defendants in reply argue that Plaintiff "attempts to escape summary
5  judgment by relying on a false narrative: that the claims he now brings fall outside
6  of the class action litigation." Specifically, Plaintiff asserts that Defendants applied
7  his veteran's points as part of an agreement reached *outside of* the 2015 Spokane
8  County class action. However, because Plaintiff offers no factual basis to support
9  the existence of this purported agreement, Defendants argue that Plaintiff's claims
10 are still precluded by the Settlement Agreement.
11     First, for the purpose of resolving this motion, the Court rejects Plaintiff's
12 assertion that Defendants agreed to correctly apply his veteran's points outside of
13 the 2015 Spokane County class action. None of the documents submitted in
14 Plaintiff's counsel's Declaration in Opposition to Defendants' Motion for
15 Summary Judgment. ECF No. 30-1, provide evidence of such an agreement and
16 Plaintiff does not point to any other concrete evidence to support this assertion.
17 Thus, the Court finds that this assertion is insufficient to rise to the level of a
18 dispute of material fact. *See Hansen*, 7 F.3d at 138 ("Once the moving party meets
19 its initial burden, the nonmoving party must go beyond the pleadings and, by its
20 own affidavits or by the depositions, answers to interrogatories, and admissions on
21 file, come forth with specific facts to show that a genuine issue of material fact
22 exists . . . When the nonmoving party relies only on its own affidavits to oppose
23 summary judgment, it cannot rely on conclusory allegations unsupported by factual
24 data to create an issue of material fact.").
25     However, the Court finds that, even after rejecting Plaintiff's assertion, there
26 is still a remaining dispute of material fact regarding whether Defendants have
27 complied with the Settlement Agreement. Neither party has submitted any
28 evidence into the record showing whether Defendants have actually corrected the

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 6

application of Plaintiff's veteran points and changed Plaintiff's promotion date to 2007. Moreover, if Defendants have not complied with the Settlement Agreement, Plaintiff suing to compel them to do so would not be barred by the 2015 Spokane County class action because the Settlement Agreement specifically excluded enforcement actions from the scope of its release. ECF No. 22-2 at 43. Thus, because there is still a genuine dispute of material fact regarding whether Plaintiff's promotion date has been changed, the Court denies Defendants' motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 16th day of November 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 7