FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 20, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARIN FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON; THE WASHINGTON STATE PATROL; and JOHN BATISTE, in his official capacity only,<br><br>    Defendants. | No. 1:20-CV-03048-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

    Before the Court is Defendants' Motion and Memorandum for Reconsideration, ECF No. 36. The motion was considered without oral argument. Plaintiff is represented by Josephine Townsend and Defendants are represented by Carl Warring. Having reviewed the briefing and the applicable caselaw, the Court denies the motion.

### Background

    The facts and procedural history are not particularly relevant to the present motion and the parties are familiar with the background of the case—thus, they are only briefly summarized here.

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION # 1**

      Plaintiff Darin Foster is an employee with the Washington State Patrol, but also a veteran of the U.S. Air Force. Under Washington state law, a state agency is obliged to give an employee-veteran a certain amount of extra points when they take their first promotional exam. However, Plaintiff alleges that—despite Defendants agreeing to apply his veteran points to his first promotional exam in 2007 and Plaintiff being part of a successful 2015 Spokane County class action against Defendants regarding this issue—Defendants have still not corrected their application of Plaintiff's veteran points to one of his later promotional exams. Plaintiff alleges that this has a detrimental effect on his current rank and amount of pay/pension he is owed.

      Plaintiff filed his Complaint in Yakima County Superior Court on March 25, 2020. ECF No. 1-2. Defendants removed the action to federal court on April 15, 2020. ECF No. 1. Plaintiff filed his First Amended Complaint on April 17, 2021. ECF No. 17.

      Defendants filed their Motion for Summary Judgment on July 2, 2021. ECF No. 20. The motion was originally set for hearing without oral argument on August 23, 2021, but was reset to October 1, 2021 by the parties' request. ECF No. 29.

      The Court issued an Order Denying Defendants' Motion for Summary Judgment on November 16, 2021. ECF No. 35. In the Order, the Court first rejected Plaintiff's argument that Defendants agreed to adjust Plaintiff's veteran points pursuant to an agreement outside of the 2015 Spokane County class action. However, the Court found that there was still a remaining dispute of material fact "regarding whether Defendants have complied with the Settlement Agreement." *Id.* at 6. The Court noted that "[n]either party has submitted any evidence into the record showing whether Defendants have actually corrected the application of Plaintiff's veteran points and changed Plaintiff's promotion date to 2007." *Id.* at 6-7.

//

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION # 2**

Defendants filed their Motion for Reconsideration on November 24, 2021. ECF No. 36. Plaintiff did not file a response. Trial in this case is scheduled for June 27, 2022. ECF No. 34.

## Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## Discussion

Defendants request reconsideration of the Court's Order Denying Summary Judgment under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). ECF No. 36. Defendants argue that the Court's Order constituted clear error because (1) Plaintiff did not allege that Defendants failed to comply with the terms of the Settlement Agreement and in fact has expressly distinguished his claims in the present lawsuit from those in the class action; and (2) contrary to the Court's "misreading of the Settlement Agreement," Plaintiff is "not entitled to a change of his promotional date under the Settlement Agreement." *Id.* at 3-4. Specifically,

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION # 3**

Defendants state that the Settlement Agreement "provided for monetary payments and the adjustment of either a hiring date <u>or</u> promotional date," but that Plaintiff "was not one of the employees entitled to an adjustment of a promotional date under the Settlement Agreement." *Id.* at 4.

The Court denies Defendants' motion. Defendants have not presented newly discovered evidence or an intervening change in the controlling law. Defendants have also not shown that the Court committed clear error or that the initial decision was manifestly unjust.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion and Memorandum for Reconsideration, ECF No. 36, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 20th day of January 2022.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION # 4**