FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARIN FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON; THE WASHINGTON STATE PATROL; and JOHN BATISTE, in his official capacity only,<br><br>    Defendants. | No. 1:20-CV-03048-SAB<br><br>**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Second Motion for Summary Judgment, ECF No. 38. The Court heard oral argument on the motion by videoconference on April 19, 2022. Defendants were represented by Carl Warring. Plaintiff was represented by Josephine Townsend.

Having reviewed the briefing, the parties' arguments, and the applicable caselaw, the Court grants Defendants' motion.

## Background

The parties are familiar with the facts of this case—thus, they are only briefly summarized here.

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** # 1

This case is about Plaintiff Darin Foster, who is an employee of the Washington State Patrol and a veteran of the U.S. Air Force. Under Washington state law, a state agency is obliged to give an employee-veteran a certain amount of extra points when they take their first promotional exam. However, here, Plaintiff alleges that—despite Defendants agreeing to apply his veteran points to his first promotional exam in 2007—Defendants have still not corrected their application of his veteran points, which they instead applied to his 2011 promotional exam. Plaintiff alleges that this has a detrimental effect on his current rank and amount of pay/pension he is owed.

The Court previously denied Defendants' Motion for Summary Judgment. ECF No. 35. In that motion, Defendants argued that Plaintiff's claims were barred by claim preclusion because Plaintiff agreed to release all claims arising out of misapplication of his veteran's preference points in the 2017 Spokane County class action settlement agreement (the "Settlement Agreement"). However, the Court denied Defendants' motion, finding that there were disputes of material fact regarding whether Defendants had fully complied with the Settlement Agreement and changed Plaintiff's promotion date to the correct date he is owed. *Id.* at 6-7.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** # 2

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Discussion

Defendants' present motion makes a substantially similar argument to their previous Motion for Summary Judgment—namely, that Plaintiff's claims are barred by claim preclusion based on the Settlement Agreement. ECF No. 38 at 7. However, Defendants distinguish the present motion by pointing to Plaintiff's February 7, 2022 deposition, in which he admitted that (1) his understanding of the Settlement Agreement was that it only entitled him to a backdate of his hiring date, not of his promotional date; and (2) even prior to the class action lawsuit, Defendants had only ever agreed to adjust his promotional date to 2011, not to 2007. Thus, Defendants argue that there is no basis for Plaintiff to argue that he is entitled to have his promotional points apply to his 2007 exam, as this claim would be barred by the Settlement Agreement.

Plaintiff in response reiterates his assertion that Defendants previously agreed to and in fact have already changed Plaintiff's veteran points to apply to his 2011 promotional exam—Plaintiff alleges that Defendants changed his promotional points in 2013, prior to the 2015 Spokane County class action lawsuit. Thus, Plaintiff argues that the current lawsuit to compel Defendants to instead

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** # 3

apply his veteran points to his 2007 exam is not barred by claim preclusion because (1) Defendants granted Plaintiff the right to have his promotional points corrected *before* the commencement of the class action lawsuit; and (2) as part of the class action settlement, Defendants agreed to follow the requirements of Wash. Rev. Code § 41.04.010, which Plaintiff argues they have failed to do regarding the application of his promotional points.

Res judicata, or claim preclusion, applies when three requirements are satisfied: (1) the prior proceeding resulted in a final judgment on the merits; (2) the present action involves substantively the same claims or causes of action as the prior proceeding; and (3) the party to be precluded was a party or in privity with a party to the prior proceeding. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Claim preclusion in federal court can be based on a state court settlement. *Howard v. America Online, Inc.*, 208 F.3d 741, 748 (9th Cir. 2000). The preclusive effect of a prior class action settlement extends to all causes of action that were released by the prior proceeding's settlement agreement, so long as those causes of action are "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

The Court grants Defendants' motion. Both Plaintiff's deposition testimony and Plaintiff's counsel's most recent briefing clarify that Plaintiff's current lawsuit is *not* intended to enforce the terms of the Settlement Agreement. That being the case, the Court concludes that Plaintiff's present claims are barred by the doctrine of res judicata and the release provision in the Settlement Agreement. The parties do not dispute that the 2015 Spokane County class action lawsuit resulted in a final judgment on the merits, namely the Settlement Agreement. The release provision states that all plaintiffs in the class action, which includes Plaintiff in this action, agreed to "dismiss and release Defendants from *any and all* claims arising out of the facts asserted in the Second Amended Complaint relating to Defendants'

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** # 4

failure to provide Veterans Preference that accrued prior to December 21, 2016." ECF No. 22-2 at 42–43 (emphasis added).

Plaintiff argues that the current lawsuit is not barred by the release provision because he alleges that Defendants agreed to adjust his promotional points *prior* to the initiation of the 2015 Spokane County class action lawsuit. However, even if the Court accepts this as true, it would have no bearing on the applicability of the release provision to Plaintiff's current claims. The plain language of the release provision states that it dismissed and released all claims relating to veteran's preference points that accrued December 21, 2016, regardless of what actions Defendants had already taken to address those claims. Thus, because Plaintiff's claims are "based on the identical factual predicate as that underlying the claims in the settled class action," they are barred by claim preclusion. *Hesse*, 598 F.3d at 590.

Moreover, the Settlement Agreement provided class members a Challenge Process through which they could "dispute their eligibility to have their hiring or promotion date corrected" beyond the corrections that Defendants already agreed to make under the Settlement Agreement. ECF No. 22-2 at 74–76. Thus, given that Plaintiff alleges that he had this dispute regarding the correct application of his promotional points prior to the class action lawsuit, Plaintiff could have raised his challenge with the Special Master before the Settlement Agreement reached the final approval stage. However, because there is no evidence in the record that Plaintiff raised such a challenge, the Court finds that Plaintiff's current claims are barred by res judicata and the Settlement Agreement. Thus, the Court grants Defendants' motion.

//
//
//
//

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** # 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Second Motion for Summary Judgment, ECF No. 38, is **GRANTED**.

2. The District Court Clerk is ordered to enter judgment in favor of Defendant and **close** the file.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 2nd day of May 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** # 6